**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BO TUREK, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 1:25-cv-01842 |
| REVOLUTION GLOBAL, LLC, *et al.* | ) ) | Hon. Mary M. Rowland |
| *Defendants.* | ) ) | |

### JOINT INITIAL STATUS REPORT

Plaintiff Bo Turek and Defendants Revolution Global, LLC, Revolution Global Health, Inc., Revolution Illinois Holdings, LLC, Revolution Core Holdings, LLC, Revolution Ventures, IL, LLC, Revolution Ventures IL II, LLC, Revolution IP Ventures, LLC, and Revolution Cannabis – Delavan, LLC ("Defendants") (collectively the "Parties") submit this joint initial status report pursuant to the Court's individual practice rules and Fed. R. Civ. P. 26(f).

1.    **The Nature of the Case**:

A.    **Attorneys of Record**

| PLAINTIFF | DEFENDANTS |
|---|---|
| Kyle Shamberg<br>**CARROLL SHAMBERG, LLC**<br>111 W Washington St, Suite 1240<br>Chicago, IL 60602<br>kyle@csclassactions.com<br>872-215-6205<br><br>Laura Luisi<br>Jamie Holz<br>**LUISI HOLZ LAW**<br>161 N Clark St, Suite 1600<br>Chicago, IL 60601<br>312-639-4478<br>LuisiL@luisiholzlaw.com<br>HolzJ@luisiholzlaw.com | Bryna Dahlin<br>Mark Eisen<br>Olivia Sullivan<br>**Benesch Friedlander Coplan and Aronoff**<br>71 S Wacker, Suite 1600<br>Chicago, IL 60605<br>312-212-4949<br>BDahlin@beneschlaw.com<br>MEisen@beneschlaw.com<br>Osullivan@beneschlaw.com |

B.    **Basis for Federal Jurisdiction**

Defendants removed this action because the Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) as the amount in controversy exceeds $5,000,000, exclusive of interest and costs, the proposed class contains more than one hundred (100) members, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from a Defendant.

Plaintiff is a citizen of Illinois. Defendant Revolution Global, LLC is a Delaware limited liability company and its principal place of business is in Illinois; Defendant Revolution Global Health, Inc. is a Delaware corporation and its principal place of business is in Illinois; Defendant Revolution Illinois Holdings, LLC is an Illinois limited liability company and its principal place of business is in Illinois; Defendant Revolution Core Holdings, LLC is a Delaware limited liability company and its principal place of business is in Illinois; Defendant Revolution Ventures, IL, LLC is an Illinois limited liability company and its principal place of business is in Illinois; Defendant Revolution Ventures IL II, LLC is an Illinois limited liability company and its principal place of business is in Illinois; Defendant Revolution IP Ventures, LLC is an Illinois limited liability company and its principal place of business is in Illinois; and Defendant Revolution Cannabis – Delavan, LLC is an Illinois limited liability company and its principal place of business is in Illinois. *See* 28 U.S.C. § 1332(d)(10) (setting forth citizenship under CAFA).

1

### C.     Nature of the Claims Asserted

***Plaintiff's Position***: Plaintiff alleges that Defendants manufacture, market, and sell unsafe vape products that exceed the applicable THC limits and personal possession limits for "cannabis-infused products," subjecting consumers to criminal prosecution. Plaintiffs allege that consuming vape products does not utilize combustion and is thus not intended to be smoked, making them a "cannabis-infused product" rather than a "cannabis concentrate product," which is a product intended to be smoked,

Plaintiff brings claims, on behalf of himself and a putative class, for violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; the Illinois Consumer Fraud Act 815 ILCS 505/1 *et seq.*; and for common law fraud, fraudulent concealment, breach of express warranty, breach of implied warranty, and unjust enrichment.

***Defendants' Position***: Defendants dispute Plaintiff's claims including, but not limited to, for the reasons articulated in its Motion to Dismiss, and disputes that a class could be certified. Defendants also dispute Plaintiff's characterization of his claims; no prosecution has been alleged.

### D.     Relief Sought

***Plaintiff's Position***: Plaintiff seeks actual, compensatory, and enhanced damages on behalf of himself and a putative class in an amount to be proven at trial, as well as punitive damages, reasonable attorneys' fees and costs, and litigation expenses. Plaintiff also seeks appropriate equitable and injunctive relief, including a temporary or permanent injunction against Defendants selling the products as currently packaged, labeled and marketed.

***Defendants' Position***: Defendants dispute that Plaintiff is entitled to any relief.

### E.     Main Factual and Legal Issues

***Plaintiff's Position***: The main factual issues include whether Defendants' products are properly categorized as cannabis-infused products or cannabis concentrate products, whether Defendants misled consumers into purchasing the products, and whether Defendants concealed material facts about the products.

The main legal issues include whether Defendants improperly labeled and advertised the products; whether the alleged conduct was authorized and approved by the Illinois Department of Agriculture; whether Defendants committed common law fraud against Plaintiff and the putative class members; whether Defendants breached any warranties owed to Plaintiff and the putative class members; whether Plaintiff is entitled to equitable relief; and whether Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act.

***Defendant's Position***: Defendants raised a number of issues in their Motion to Dismiss including whether the CRTA allows a private right of action, whether Plaintiff's fraud claims are barred by statutory safe harbors, whether Plaintiff provided proper pre-suit notice, whether Plaintiff is in privity with Defendants, and whether Plaintiff has suffered injury. Defendants further submit that, should this matter proceed past the Motion to Dismiss, Plaintiff's knowledge of the

product at issue and THC products generally will create substantial legal and factual issues.

F.     **Status of Service**

All Defendants have been served.

G.     **Date for Plaintiff to Amend Pleadings and/or Add Parties**

*Plaintiff's Position*: Plaintiff proposes a deadline of March 20, 2026 to amend pleadings and/or add parties.

*Defendants' Position*: Defendants propose, as detailed below, all discovery and deadlines be stayed pending the resolution of the Motion to Dismiss, the outcome of which may impact the timeline of any amendment. If this Court denies Defendants' Motion to Dismiss or otherwise declines to stay discovery and case deadlines, Defendants agree with Plaintiff's proposed deadline.

II.     **Discovery and Pending Motions**

A.     **General Types of Discovery**

*Plaintiff's Position*: Plaintiffs' discovery will generally focus on the Defendants' marketing and labeling of the products at issue, the regulatory steps Defendants took to categorize their products, sales data for the products, the size of the class at issue, and Defendants' corporate integration. Plaintiff also intends to seek third-party discovery from entities including the State of Illinois and its agencies as well as third-party dispensaries, as discussed with the Court at the October 23, 2025 hearing.

*Defendants' Position*: Defendants' discovery will generally focus on the categorization of the products at issue (including the state approval processes), categorization of similar products across the industry, taxation of the products at issue, Plaintiff's purchase and use of THC products, Plaintiff's knowledge of THC products he purchased, Plaintiff's participation in Illinois' Medical Cannabis Patient Program, Plaintiff's alleged damages from the purchase and use of the product at issue, and the elements required for class certification. Defendants also intend to seek discovery related to the other lawsuits filed by Plaintiff related to the categorization of THC products.

B.     **Discovery Deadlines**

*Plaintiff's Position*: Plaintiff does not believe complete dismissal of his claims is appropriate and therefore a stay of discovery is not warranted while Defendants' motion to dismiss is pending. Discovery is proceeding in at least three other, similar cases in this District and others are in the process of assessing requests to issue discovery, which appear to be likely to be granted in some form, as the others have. *See Mckenzie v. Progressive Treatment Solutions, LLC*, 1:25-cv-01768 and *Davis v. Suntrust*, 1:25-cv-01372 (scheduling orders issued, fact discovery open); *Alsip v. Acreage*, 1:25-cv-00867 (third-party discovery open).

In accordance with the Court's directive at the October 23, 2025 hearing, the parties met and conferred again regarding Plaintiff's request to send third-party subpoenas and the actual

subpoenas Plaintiff intends to send. Defendants do not object to the issuance of Plaintiff's third-party subpoenas and indicated they do not intend to seek to limit or quash them. As a result, Plaintiff requests permission for them to be issued.

Plaintiff proposes the following discovery dates:

> (1) Subpoenas issued upon the Court's entry of Scheduling Order;
> (2) Initial Disclosures to be served by December 5, 2025.
> (3) First Set of Written Discovery Requests to be served by December 12, 2025
> (4) Fact Discovery to be completed by August 28, 2026.

***Defendants' Position***: As the Parties discussed at the October 23, 2025 hearing, Defendants contend discovery in this case should be stayed pending the outcome of Defendants' Motion to Dismiss, particularly as proposed above discovery over the December holidays. Defendants' Motion could result in the complete dismissal of this case.

Defendants' Motion attacks the fundamental theory of Plaintiff's case, in addition to various pleading deficiencies in each claim. The Motion to Dismiss is fully briefed. As this Court has done in similar circumstances, a stay is prudent here. *See Calderon v. Procter & Gamble Co*., No. 22-CV-3326, 2022 WL 20742696, at *2 (N.D. Ill. Oct. 6, 2022) (Rowland, J.) (granting motion to stay discovery pending motion to dismiss); *Clark v. Aveda Corporation*, No. 21-cv-04185, Dkt. 38 (N.D. Ill. May 17, 2023) (Rowland, J.) (staying discovery pending the motion to dismiss). A stay of discovery is particularly warranted here as this case is a putative class action, the scope of discovery for which is likely to be disproportionately burdensome on Defendants. It will likewise unduly burden this Court. *See, e.g., Rao v. JPMorgan Chase Bank, N.A.*, No. 21 C 1361, 2021 WL 4927415, at *1 (N.D. Ill. May 12, 2021) ("[T]he Court found that Defendants should not be required to incur the costs of discovery, nor the Court the burden of overseeing discovery, before the Court determines whether any of Plaintiff's claims withstand dismissal.").

A review of the related federal cases indicates that discovery appears to be stayed or not proceeding in the majority of the pending federal cases. *See, e.g.*, *Mohebbi v. Cannabist Company Holdings*, No. 25-cv-00360, Dkt. 50 (N.D. Ill.); *Gregory et al v. Verano Illinois, LLC*, No. 25-cv-00535, Dkt. 43 (N.D. Ill.). Defendants are aware of their document retention requirements. If Defendants' motion to dismiss is denied or if this Court otherwise declines to stay discovery, Defendants agree with the schedule proposed by Plaintiff.

## C. Expert Discovery

The Parties anticipate the need for experts on the merits and class certification. The Parties proposes that expert reports be due 30 days after the close of fact discovery, rebuttal reports 14 days thereafter and that expert discovery close 60 days after the close of fact discovery.

## D. Pending and Anticipated Motions

Defendants' Motion to Dismiss is fully briefed. Defendants have also filed a motion for leave for oral argument on their motion to dismiss. Oral argument was recently held before Judge Durkin in another cannabis matter. Oral argument could be particularly useful in this novel case.

Should the Motion to Dismiss be denied, Defendants anticipate filing a amotion for summary judgment and potentially a motion to deny class certification. Plaintiff anticipates filing a motion for class certification and potentially a motion for partial or full summary judgment.

The Parties agree to submit deadlines for class certification motion practice and dispositive motions 30 days after the close of expert discovery.

### D. <u>Service by Electronic Means</u>

The Parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

## III. Trial

### A. <u>Jury Demand</u>

Plaintiff has demanded a trial by jury.

### B. <u>Anticipated Trial Date</u>

The Parties anticipate being ready for trial within ninety (90) days of the Court's disposition of both Plaintiff's motion for class certification and any dispositive motions.

### C. <u>Estimated Length of Trial</u>

Because the length of the trial will be influenced by several factors yet to be determined, most significantly the disposition of Plaintiff's class certification motion, the Parties are not in a position to accurately estimate the anticipated length of trial at this time.

## IV. Consent and Settlement Discussions

### A. <u>Magistrate Judge</u>

The Parties do not unanimously consent to proceed before a magistrate judge.

### B. <u>Settlement Discussions</u>

The Parties have engaged in some preliminary settlement talks.

### C. <u>Settlement Conference</u>

Plaintiff is open to engaging in a settlement conference on the condition that, in light of the previously unsuccessful discussions, proceedings and discovery not be stayed pending any settlement conference. Defendants are also open to a settlement conference, but contend that should one be set, it makes little sense for the Parties to expend resources on discovery in the interim. Defendants are happy to discuss the propriety of a settlement conference at this Court's convenience.

Dated: November 17, 2025                              Respectfully submitted,

| /s/ Kyle Shamberg | /s/ Bryna Dahlin |
|---|---|
| Kyle Shamberg | Bryna Dahlin |
| **CARROLL SHAMBERG, LLC** | Mark Eisen |
| 111 W Washington St, Suite 1240 | Olivia Sullivan |
| Chicago, IL 60602 | **Benesch Friedlander Coplan and Aronoff** |
| kyle@csclassactions.com | 71 S Wacker, Suite 1600 |
| 872-215-6205 | Chicago, IL 60605 |
| | 312-212-4949 |
| Laura Luisi | BDahlin@beneschlaw.com |
| Jamie Holz | MEisen@beneschlaw.com |
| **LUISI HOLZ LAW** | Osullivan@beneschlaw.com |
| 77 W Wacker, Suite 4500 | |
| Chicago, IL 60601 | |
| 312-639-4478 | *Attorneys for Defendants* |
| LuisiL@luisiholzlaw.com | |
| HolzJ@luisiholzlaw.com | |
| | |
| *Attorneys for Plaintiff and the Putative Class* | |